**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TINA M. COUPE,
<u>Plaintiff-Appellant,</u>

v.                                                                      No. 98-2489

MOBIL OIL CORPORATION,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-98-83-A)

Submitted: April 13, 1999

Decided: July 20, 1999

Before NIEMEYER and HAMILTON, Circuit Judges,
and HALL,* Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Hardin Young, Falls Church, Virginia, for Appellant. Neal
David Mollen, PAUL, HASTINGS, JANOFSKY & WALKER,
Washington, D.C., for Appellee.

_____

*Senior Judge Hall participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tina M. Coupe appeals from the district court's order granting summary judgment in favor of defendant Mobil Oil Corporation in Coupe's employment discrimination action filed under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 - 12117 (1994). Finding no error, we affirm.

Coupe was hired as an administrative assistant for Mobil in 1989. During her tenure with Mobil, Coupe was habitually tardy or absent from work. As a result, she was placed on probation for absenteeism in October 1992. Similar problems began recurring in 1994 and early 1995. When confronted by her superiors, Coupe claimed her absenteeism was the result of manic depression. In response to this claim, Mobil arranged for Coupe to see a corporate physician, and upon his recommendation, Mobil and Coupe arranged a new work schedule that accommodated her illness. Following this accommodation, Coupe experienced no further problems in meeting the expectations of her employer; however, in September 1995 Coupe filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging, presumably, discrimination on the basis of a protected disability.[1]

In 1994 Coupe began working for Harvey Smith, then a Vice President for Mobil in its Exploration and Producing Division. In the late Summer of 1996 Smith accepted a position as the Chief Executive Officer of Hibernia Development Corporation in Canada. Mobil decided it would not replace Smith and eliminated his position altogether. In September 1996 Smith informed Coupe that, because of the

_____

[1] Because neither party has provided the court with documentation regarding this complaint, we are unable to ascertain the specifics with any degree of certainty. Nevertheless, this issue is not dispositive.

2

elimination of his position, Coupe's position was also being eliminated and that she would have to find other employment, either within Mobil or elsewhere. Coupe was told she could remain in her current position through the end of the year and was advised to apply for positions through Mobil's job posting system. Coupe did not apply for another position with Mobil. Although Coupe was scheduled for termination on December 31, 1996, the company extended her employment until January 31, 1997, because of an error in the processing of her separation. On January 31st, having not applied for another position with Mobil, Coupe's employment with Mobil was terminated.

Following the issuance of a right-to-sue notice from the EEOC, Coupe filed an action in the district court alleging: (1) unlawful discrimination in violation of the ADA; (2) retaliatory discharge; and (3) intentional infliction of emotional distress. Discovery was completed and Mobil moved for summary judgment on all counts. After briefing, the district court conducted a hearing, received arguments from both parties, and ruled from the bench, granting Mobil's motion as to all counts. Coupe then filed a timely notice of appeal. **2**

We review a grant of summary judgment de novo and affirm only if the record reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). Turning then to Coupe's claim under the ADA, this court must apply the burden shifting proof scheme announced by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 57-58 (4th Cir. 1995) (extending McDonnell Douglas to ADA claims). Under the McDonnell Douglas framework the employee has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. See Ennis, 53 F.3d at 58. Should the plaintiff succeed in proving her prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory explanation which could support a finding that the employment action was not based on unlawful discrimination. If the defendant meets this burden, the presumption established by the employee is nullified, and the employee bears

_____

**2** Coupe abandons on appeal her state law claim of intentional infliction of emotional distress. See 4th Cir. R. 34(b).

3

the ultimate burden of proving that she has been the victim of intentional discrimination. See id.

To make out a prima facie case, Coupe was required to show that: (1) she was in a protected class; (2) she was discharged; (3) at the time of the discharge, she was performing at a level that met her superior's expectations; and (4) her discharge occurred under circumstances that give rise to a reasonable inference of unlawful discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Even if Coupe could establish a prima facie case, our review of the record and informal briefs indicates that Coupe's discharge was not a pretext for unlawful discrimination. The elimination of Coupe's administrative assistant position was in direct response to the departure of her supervisor, Harvey Smith and Mobil's subsequent decision to eliminate his position and its support staff altogether. Given the larger reorganization and reduction in forces that were ongoing at Mobil during 1996, the elimination of these positions raises no suspicion of improper motive. Moreover, Coupe was encouraged on numerous occasions to apply for other positions within Mobil's corporate structure, and she admittedly chose not to. Given these facts, no reasonable trier of fact could have determined that Coupe's discharge was a pretext for discrimination. As such, the district court did not err in awarding summary judgment for Mobil on Coupe's ADA claim.

Coupe's retaliatory discharge claim likewise fails. To establish a prima facie case of retaliatory discharge, a plaintiff must prove that she engaged in protected activity, that the employer took adverse employment action against her, and that "`a causal connection existed between the protected activity and the adverse action.'" Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989) (quoting Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985)). Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. Id. After the employer has done so, the burden shifts back to the plaintiff to prove that the employer's proffered reason is pretextual. Id.

4

Even assuming that Coupe established a prima facie case of retaliation, she failed to prove that Mobil's legitimate, nondiscriminatory reason for its action was pretextual. Coupe's evidence of retaliation essentially consists of the fact that she filed a complaint with the EEOC and that Mobil thereafter eliminated both her position and that of her supervisor. Coupe's assertion that these actions were taken as a retaliatory measure simply stretches the bounds of credulity. Coupe's retaliatory discharge claims are further undercut by Mobil's numerous reminders to Coupe to apply for alternative employment within the corporation, and Mobil's action extending her employment termination date giving her further opportunity to secure employment within the firm. These are not the actions of an organization engaged in retaliation. Accordingly, the district court correctly granted summary judgment on Coupe's retaliatory discharge.

We affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5